UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID PACKAN, JR.,

      Plaintiff,

v.                                         Case No: 6:25-cv-1317-PGB-LHP

CLASSICA CRUISE OPERATOR
LTD. INC.,

      Defendant.
_____/

**ORDER**

This cause is before the Court upon Plaintiff David Packan, Jr.'s ("**Plaintiff**") Unopposed Motion to Transfer Case to Southern District of Florida (West Palm Beach) for Purposes of Venue. (Doc. 14 (the "**Motion**")). Upon consideration, the Motion is due to be granted.

**I.  BACKGROUND**

On July 15, 2025, Plaintiff initiated this action against Defendant Classica Cruise Operator Ltd. Inc. ("**Defendant**") by filing his Verified Complaint in the instant Court. (Doc. 1). Soon thereafter, Plaintiff filed the operative First Amended Verified Complaint. (Doc. 6). Therein, Plaintiff brings a series of claims arising from injuries he sustained as a passenger on Defendant's cruise vessel. (*See id.*).

In the Motion, Plaintiff explains that he filed suit in this Court because he initially believed that venue was proper in the Orlando Division of the Middle District of Florida. (Doc. 14, p. 2). In due course, defense counsel provided

Plaintiff's counsel with a copy of the cruise ticket contract (Doc. 14-2 (the "**Ticket Contract**")) that Plaintiff electronically signed in order to board Defendant's cruise vessel for the subject voyage. (*Id.*). The parties agree that the Ticket Contract contained a forum selection clause that required Plaintiff to file this action in the West Palm Beach Division of the Southern District of Florida. (Doc. 14; *see also* Doc. 14-2, p. 22). Thus, while Plaintiff muses that the Orlando Division of the Middle District of Florida is "arguably a more convenient forum for both parties," he concedes the forum selection clause is binding. (Doc. 14, p. 2). Consequently, Plaintiff moves the Court to transfer this case to the required venue. (*Id.* at p. 5).

## II.     LEGAL STANDARD

A motion to transfer venue within the federal court system is governed by 28 U.S.C. § 1404(a). *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tx.*, 571 U.S. 49, 57–58 (2013). "In the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion . . . must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 62. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* at 63 (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). Where a valid forum-selection clause exists, it should be "given controlling weight in all but the most exceptional cases." *Id.* (quoting *Stewart*, 487 U.S. at 33 (Kennedy, J., concurring)).

Here, the parties agree that a valid forum selection clause requires this action to be litigated in the Southern District of Florida's West Palm Beach Division. (Doc. 14). Consequently, the Motion will be granted.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Unopposed Motion to Transfer Case to Southern District of Florida (West Palm Beach) for Purposes of Venue (Doc. 14) is **GRANTED**.

2. The Clerk is **DIRECTED** to transfer this matter to the West Palm Beach Division of the Southern District of Florida.

3. The Clerk is **DIRECTED** to thereafter close the case.

**DONE AND ORDERED** in Orlando, Florida on September 18, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties